IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION

| | |
|---|---|
| **Alsey Joe Ellis,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ArcelorMittal Calvert LLC,** )<br>)<br>**Defendant.** ) | **Civil Action No.:**<br>**1:25-cv-00491**<br>**JURY DEMANDED** |

## COMPLAINT

Alsey Joe Ellis (hereinafter "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant ArcelorMittal Calvert LLC (hereinafter "Defendant") and seeks redress for discrimination suffered in his capacity as an employee of Defendant. Plaintiff has been discriminated against by Defendant on account of Plaintiff's age and perceived disability in violation of The Age Discrimination in Employment Act of 1967, The Americans with Disabilities Act of 1990, The Family Medical Leave Act, and any other causes of action that can be inferred from the facts set forth herein. In support of her Complaint, Plaintiff states as follows:

## **PARTIES**

1. Plaintiff is a resident of Mobile County, Alabama and is over the age of nineteen (19) years.

2. Plaintiff, for all times relevant to this action, was an "employee" of Defendant.

3. Defendant is a domestic corporation incorporated under the laws of Delaware, with its principal place of business being in the State of Alabama. Defendant's registered agent is C T Corporation System, which can be served process at 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

4. Defendant, for all times relevant to this action, was Plaintiff's "employer" as defined by relevant statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because the action arises under The American with Disabilities Act ("ADA"), The Age Discrimination in Employment Act ("ADEA"), and the Family Medical Leave Act ("FMLA").

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful acts took place within Mobile County, Alabama, which lies within the Mobile Division of the United States District Court for the Southern District of Alabama.

## COMPLIANCE WITH JURISDICTIONAL REQUIREMENTS

7. Plaintiff has complied with the jurisdictional requirements on to wit: that on or about March 15, 2024, Plaintiff filed a Charge of Discrimination in employment with the Equal Employment Opportunity Commission (hereinafter "EEOC").

8. On or about August 4, 2025, the EEOC issued a Letter of Determination stating that it found that Plaintiff was terminated due to his disability.

9. On September 2, 2025, the EEOC issued Plaintiff a Notification of a Right to Sue, and Plaintiff filed this Complaint within the ninety (90) day deadline. A copy of the notification is attached as "Exhibit A".

## FACTS

10. On or about June 8, 2009, Plaintiff began working for Defendant as a mechanic.

11. In or around April 2023, Plaintiff was diagnosed with Liver Cancer.

12. On or about May 1, 2023, Plaintiff underwent surgery to remove the cancer from his body.

13. Following the surgery, Plaintiff was placed out of work on FMLA leave.

14. On or around October 27, 2023, Plaintiff was released to return to work with no restrictions or limitations by his doctor.

15. After being cleared to return to work by his doctor, Plaintiff attempted to return to work; however, Defendant denied Plaintiff's attempt to return to work.

16. Instead, Defendant, despite Plaintiff's doctor clearing him to return without restrictions or limitations, stated that due to Plaintiff's disability, was unable to perform his essential job functions and could not provide Plaintiff any accommodation.

17. On or October 30, 2023, Defendant terminated Plaintiff's employment.

## COUNT I
### VIOLATION OF THE AMERIANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12101 SEQ ET.
**(DISCRIMINATION BASED ON A PERCEIVED DISABILITY)**

18. Plaintiff repeats and re-alleges paragraph 1-16 as if fully set forth herein.

19. On or about April 2023, Plaintiff was diagnosed with a qualified disability which affected major life activities.

20. Specifically, Plaintiff was diagnosed with liver cancer.

21. On or about May 1, 2023, Plaintiff underwent surgery which removed the cancer, and was on FMLA leave until October 27, 2023, to recover from said surgery.

22. On or about October 27, 2023, Plaintiff was released to return to work by his doctor without accommodation or limitations.

23. Despite Plaintiff being cleared to return to work, Defendant viewed Plaintiff has having a disability and unable to perform his essential functions with or without accommodation.

24. Defendant treated Plaintiff less favorably because it perceived him as disables and unable to perform his essential job functions.

25. Defendant discriminated against Plaintiff because of his perceived disability by refusing Plaintiff to return to work and terminating his employment despite being able to perform his essential job function without any accommodation.

26. Plaintiff suffered an adverse employment action when Defendant terminated his employment.

27. Defendant, and its agents and/or employees, conduct was the direct and/or proximate cause of Plaintiff's damages which include, but are not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

28. Defendant's conduct was willful, wanton, and done in a reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant.

29. Plaintiff is also entitled to recover reasonable attorney's fees and litigation expenses.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices;

C. Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E. Award punitive damages to be determined by a jury at trial; and,

F. Grant such further relief as the Court deems necessary and proper.

<u>**COUNT II**</u>
**VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT,
29 U.S.C. § 621 SEQ ET.
(DISPARATE TREATMENT)**

30. Plaintiff is over the age of forty (40) and a member of a protected class.

31. In or around April 2023, Plaintiff was diagnosed with cancer.

32. On or about May 1, 2023, Plaintiff underwent surgery to remove the cancer.

33. On or about October 27, 2023, Plaintiff was released to return to work by his doctor.

34. Following his release, Plaintiff was qualified and able to perform the essential job functions of the position.

35. Despite Plaintiff being released to return to work and able to perform the job duties, Defendant refused to allow Plaintiff to return to work.

36. Upon information and belief, Defendant replaced Plaintiff's position with a significantly younger employee.

37. Defendant discriminated against Plaintiff based on his age by terminating his position, despite being qualified and able to perform his job duties and replacing his position with someone significantly younger in age.

38. Plaintiff suffered an adverse employment action when Defendant terminated his employment.

39. Defendant, and its agents and/or employees, conduct was the direct and/or proximate cause of Plaintiff's damages.

40. Defendant's discriminatory action(s) against Plaintiff is in violation of Plaintiff's rights under the ADEA, as amended, were intentional and were

done with malice and reckless disregard for Plaintiff's rights as guaranteed under the laws of the United States.

41. Plaintiff has suffered and continues to suffer lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C. Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D. Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

  E. Award punitive damages to be determined by a jury at trial; and,

  F. Grant such further relief as the Court deems necessary and proper.

## COUNT III
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 28 U.S.C. § 2601 ET SEQ.
### (FMLA INTERFERENCE)

42. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 as if fully set forth herein.

43. For all times relevant to this Complaint, Plaintiff was an eligible employee for FMLA leave.

44. On or about May 1, 2023, Plaintiff went out on approved FMLA leave to recover from a surgery to remove Plaintiff's liver cancer.

45. On or about October 27, 2023, Plaintiff was cleared to return to work by his doctor without any limitations or restrictions and return from his FMLA leave.

46. Following the end of Plaintiff's FMLA leave and authorization to return to work, Defendant refused to allow Plaintiff to return to work and failed to place Plaintiff in a virtually identical position to the one he held prior to taking FMLA leave.

47. Plaintiff was denied full benefits and rights under the FMLA in that Defendant interfered with the exercise of rights to which he was entitled under the FMLA.

48. These denial of rights include, but are not limited to, the failure to place in a virtually identical position and, ultimately, termination by Defendant.

49. Defendant's actions were in violation of the FMLA and were taken willfully, with malice, and/or a reckless indifference to Plaintiff's federally protected rights.

50. As a result of Defendant's interference, Plaintiff suffered and continues to suffer damage to his professional life, career opportunities, pecuniary losses, emotional distress, inconvenience, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

51. Plaintiff is unaware of any other similarly situated employees who were terminated under the same or similar circumstances.

**WHEREFORE**, Plaintiff prays that this Honorable Court will:

A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B. Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

    C.    Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

    D.    Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

    E.    Award punitive damages to be determined by a jury at trial; and,

    F.    Grant such further relief as the Court deems necessary and proper.

## COUNT IV
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT, 28 U.S.C. § 2601 ET SEQ.
### (FMLA Retaliation)

52. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 as if fully set forth herein.

53. In or about April 2023, Plaintiff was diagnosed with cancer.

54. On or about May 1. 2023, Plaintiff underwent surgery to remove said cancer.

55. Following his surgery, Plaintiff applied for and was granted FMLA leave.

56. On or about October 27, 2023, Plaintiff sought to return from his approved FMLA leave.

57. Defendant refused to allow Plaintiff to return from FMLA leave despite being cleared to do so by his doctor.

58. At all times, Plaintiff was qualified and able to perform his job functions.

59. On or about October 30, 2023, Defendant terminated Plaintiff's employment.

60. Plaintiff was denied full benefits and rights under the FMLA in that he was retaliated against based on his exercise of the rights Plaintiff is entitled to under the FMLA.

61. Defendant retaliated against Plaintiff by terminating his employment.

62. Defendant's actions were in violation of the FMLA and were taken willfully, with malice, and/or a reckless indifference to Plaintiff's federally protected rights.

63. As a result of Defendant's interference, Plaintiff suffered and continues to suffer damage to his professional life, career opportunities, pecuniary losses, emotional distress, inconvenience, shame, mental anguish, loss of enjoyment of life, and non-pecuniary damages.

64. Plaintiff is unaware of any other similarly situated employees who were terminated under the same or similar circumstances.

    **WHEREFORE**, Plaintiff prays that this Honorable Court will:

    A. Enter a declaratory judgment, declaring Defendant's past practice herein complained to be unlawful;

B.     Order Defendant to institute and carry out policies, practices and programs providing equal employment opportunities for Plaintiff and other employees and eradicating the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Plaintiff whole by providing other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices.

D.     Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, anxiety, loss of enjoyment of life, humiliation, and inconvenience, in amounts to be determined at trial

E.     Award punitive damages to be determined by a jury at trial; and,

F.     Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES OF THE COMPLAINT.

*/s/ Jon-Kaden Mullen*
D. Jeremy Schatz
Jon-Kaden Mullen
*Attorneys for Plaintiff*

**OF COUNSEL:**
Virtus Law Group
2017 Morris Avenue, Ste 100
Birmingham, AL 35203
js@vlgal.com
jm@vlgal.com

**Please Serve Defendants By Certified Mail As Follows:**

**ArcelorMittal Calvert LLC**
**c/o C T Corporation System**
**2 North Jackson Street, Suite 605,**
 **Montgomery, AL 36104**